# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/<br>Respondent,<br><br>vs.<br><br>LUIS ENRIQUE ESTRADA HERNANDEZ,<br><br>Defendant/<br>Petitioner. | No. CR-F-94-5011 OWW<br><br>ORDER DEEMING DEFENDANT'S OBJECTION TO COURT'S ORDER DATED APRIL 21, 2009 TO BE MOTION FOR RECONSIDERATION AND DENYING DEEMED MOTION |

On April 20, 2009, Luis Enrique Estrada-Hernandez ("Petitioner"), proceeding *in pro per*, filed a second pleading captioned "Notice of Appeal of Final Sentence Pursuant to 18 U.S.C. § [sic] 3742."[1] Petitioner asserted that he "wishes to appeal the illegal sentence imposed inviolation [sic] of the law

---

[1] Petitioner filed a virtually identical pleading on January 5, 2009. The January 5, 2009 pleading was ordered stricken on January 15, 2009. It appears from the docket that Petitioner was not served with the January 15, 2009 Order.

and as a result of the incorrect application of the guidelines, pursuant to 18 § [sic] 3742(a)." Petitioner asserted that the Court has jurisdiction pursuant to Section 3742.

By Order filed on April 21, 2009, Petitioner's pleading was stricken. The Court ruled:

> Petitioner was found guilty by jury verdict of conspiracy to manufacture and distribute methamphetamine and of manufacturing methamphetamine and aiding and abetting. Petitioner was sentenced on October 10, 1995 to 290 months incarceration. Petitioner appealed his conviction and sentence to the Ninth Circuit. The Ninth Circuit affirmed Petitioner's conviction and sentence. *See United States v. Magallon*, 124 F.3d 214 (9th Cir.1997). Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on March 25, 1998 (Doc. 517). Petitioner's Section 2255 motion was denied by Order filed on September 17, 1998 (Doc. 531). A Certificate of Appealability was denied by the Court on January 4, 1999 (Doc. 543). The Ninth Circuit denied a Certificate of Appealability on March 18, 1999.
>
> Petitioner cannot file an appeal from his conviction and sentence pursuant to 18 U.S.C. § 3742(a). Petitioner appealed his conviction and sentence in 1995; the Ninth Circuit affirmed in 1997.
>
> Petitioner's pleading cannot be construed as a motion to vacate, set aside or correct sentence pursuant to Section 2255. Because Petitioner previously filed a Section 2255 motion, he cannot file a second or successive Section 2255 with this Court ... absent prior authorization by the Ninth Circuit Court of Appeals.

On April 29, 2009, Petitioner filed a pleading captioned "Objection to Court's Order Dated April 21, 2009 and Motion to Compel Compliance with Properly Filed § 3742." Petitioner

contends:

> [T]his court does not have the jurisdiction to rule on a properly filed § 3742 motion, and its only function is to file and forward the PSR, documents presented at sentencing, and any documents designated as pertinent to the court of appeals, ... [the court] exceeded its authority in STRIKING the motion filed on April 21, 2009 [sic], and as such must VACATE its ORDER and comply with the rules of § 3742, as promulgated by Congress and the Commission, Pub. L 98-473 SRA 1984.

Petitioner's objection and motion to compel are deemed to be a motion for reconsideration of the April 21, 2009 Order. So deemed, Petitioner's motion is DENIED.

18 U.S.C. § 3742(a) provides:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence -
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release that the maximum established in the guideline range or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

As noted, Petitioner has already filed an appeal to the Ninth Circuit for review of his final sentence. Petitioner has

also filed a motion for relief under 28 U.S.C. § 2255 and unsuccessfully appealed the denial of his Section 2255 motion. Petitioner is using the vehicle of Section 3742(a) to obtain another collateral review of his sentence, i.e., a second or successive challenge, without first obtaining leave to do so from the Ninth Circuit. *See Jackson v. United States*, 463 F.3d 635 (7th Cir.2006), *cert. denied*, 550 U.S. 937 (2007)(Federal prisoner, who had previously sought to vacate, set aside or correct sentence could not collaterally attack the imposition of his sentence by filing a notice of appeal for review of his sentence).

The objection is overruled. Interpreted as a motion for reconsideration, it is DENIED. No further proceedings in the District Court can be entertained without permission of the Court of Appeals.

IT IS SO ORDERED.

**Dated:  May 6, 2009**                                      /s/ Oliver W. Wanger
                                                             UNITED STATES DISTRICT JUDGE